**In re Harold L. CURTIS, d/b/a Curtis Oil Co., Debtor.**

**Bankruptcy No. 82–00827.**

United States Bankruptcy Court, N.D. Oklahoma.

Oct. 28, 1983.

---

Oliver Howard and John Barker, Gable & Gotwals, Tulsa, Okl., for CKB.

John Heatly, Fellers, Snider, Blakenship, Bailey & Tippens, Oklahoma City, Okl., for Hudson.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

MICKEY D. WILSON, Bankruptcy Judge.

This matter comes on for hearing pursuant to motion of CKB and Associates, Inc., for summary judgment granting a petition under 11 U.S.C. § 303 that Harold Curtis, d/b/a Curtis Oil Company, be adjudged an involuntary debtor in bankruptcy.

For reasons set forth below, this Court has determined that said motion for summary judgment should be, and the same is hereby, denied.

### FACTS

Harold Curtis, d/b/a Curtis Oil Company ("Curtis"), bought and sold motor fuels. He was associated, in a manner not entirely clear from this record, with Ronald S. Young ("Young"), Young Oil Company of Muskogee, Inc., an Oklahoma corporation ("Young Oil"), and Mack R. Walker, d/b/a Walker Oil Company ("Walker"). Various civil actions were brought in State courts against Curtis, Young, Walker, and their respective businesses by wholesale suppliers and other creditors. One such action is CT–82–480, in the District Court of Tulsa County, Oklahoma, brought by CKB and Associates, Inc., a Texas corporation ("CKB"), plaintiff, and Hudson Refining Co., Inc., a Delaware corporation headquartered in Missouri ("Hudson"), intervenor-plaintiff, against Curtis, Young, Young Oil, and Walker, defendants. In this action, on July 2, 1982, the District Court appointed a receiver to conserve Curtis' property pending the outcome of the lawsuit.

On July 19, 1982, CKB, Hudson, and Headlee Oil Co., Inc., an Oklahoma corporation ("Headlee"), began this action by filing an involuntary bankruptcy petition against Harold Curtis in this court. On August 4, 1982, an interim trustee was appointed. On August 10, 1982, Curtis by his then attorney answered the petition, denying various allegations therein and requesting trial of issues raised. Pre-trial conference was set for October 6, continued several times, and on December 2 was stricken, to be re-set upon notice. On October 27, 1982, Paul Penley Oil Company, Inc., an Oklahoma corporation ("Penley"), joined in the involuntary petition. In November, 1982, Curtis acquired a different attorney.

Meanwhile, on July 30, 1982, CKB, Hudson, and others not concerned herein, filed an involuntary bankruptcy petition against Young and his wife, *In re Ronald Steve Young and Geneva Faye Young*, No. 82–00875, in this court. On December 10, 1982, CKB moved for summary judgment granting the involuntary petition against the Youngs. On February 22, 1983, said motion was granted, and summary adjudication of involuntary bankruptcy rendered against the Youngs, by this court, per Rutledge, Judge.

On June 22, 1983, CKB moved for summary judgment granting the involuntary petition against Curtis. Curtis requested, and was granted, two extensions of time within which to respond to the motion for summary judgment. Meanwhile, supplements to the motion were filed by CKB and by Penley. On July 28, 1983, the H & T Trust ("H & T Trust") joined in the involuntary petition and in the motion for summary judgment thereon, and filed further materials in support thereof.

Curtis was last ordered to make his response to the motion for summary judgment by August 5, 1983. No response has ever been filed. On August 15, 1983, Curtis' attorney made application to withdraw as attorney of record in this case, alleging that Curtis "has failed and refused to cooperate with his attorney and has refused to accept his advise (sic)." This application was granted on September 8, 1983.

CKB may be referred to below as "movant"; CKB, Hudson, and Headlee, as "petitioners"; Curtis, as "debtor"; and Penley and H & T Trust, as "intervenors".

### Applicable Rules of Procedure

This motion arose under the Rules of Bankruptcy Procedure which were in effect prior to August 1, 1983, ("Bankruptcy Rules"). CKB moves for summary judg-

ment pursuant to Bankruptcy Rule 756, which refers in turn to Rule 56, "Summary Judgment", F.R.C.P. The Bankruptcy Rules were superseded by new Rules of Practice and Procedure in Bankruptcy, effective August 1, 1983 ("new Rules"). New Rule 1018 specifically makes all proceedings under contested involuntary petitions subject to new Rule 7056; new Rule 7056 makes applicable Rule 56, F.R.C.P. Therefore, this motion will be disposed of in accordance with Rule 56, F.R.C.P., and with reference to extensive case law and commentary thereon.

### Debtor's Failure to Respond to Motion

Title 11 U.S.C. § 303(h), first sentence, provides that an involuntary bankruptcy petition may be granted without further ado if debtor fails to answer the *petition.* In this case, this provision is not applicable, for debtor Curtis has answered the *petition.* However, Curtis has not responded to the motion for summary judgment on said petition. This raises the question whether a motion for summary judgment may be granted "in default" of any response to said motion.

Rule 56, F.R.C.P., provides in part as follows:

> "* * * (e) ... *Defense Required* ... When a motion for summary judgment is made *and supported* as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate,* shall be entered against him (emphasis added)."

This provision was added to the original text of Rule 56 in 1963, specifically to overcome decisions by the Third Circuit which allowed an opponent of a motion for summary judgment to defeat *even* an adequately supported motion by merely restating allegations of his pleadings without rebutting the movant's proof in any way, 6 *Moore's Federal Practice* (2d ed. 1982) Par.

56.01(14); 6 (Part 2) *Moore's Federal Practice,* supra, Par. 56.22(2). In its Note to the 1963 Amendment, the Advisory Committee stated, "Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented," *Id.*

■ This means that "no defense to an insufficient showing is required," 6 (Part 2) *Moore's Federal Practice,* supra, Par. 56.-22(2) at 1344. Movant bears the burden of adequately supporting his own motion, 6 *Moore's Federal Practice,* supra, Par. 56.-15(3), and the opposing party's failure to respond to the motion does not diminish that burden in the slightest, 6 (Part 2) *Moore's Federal Practice,* supra, Par. 56.-22(2). Failure of counsel to appear at a hearing in opposition to a motion for summary judgment is not a proper ground for granting such motion, *St. John v. New Amsterdam Casualty Co.,* 357 F.2d 327 (CA 5th, 1966). A motion for summary judgment is not "a clever procedural gambit whereby a claimant can shift to his adversary his burden of proof on one or more issues," *United States v. Dibble,* 429 F.2d 598, 601 (CA 9th, 1970). Even where the issue sought to be disposed of was an affirmative defense, as to which defendant would bear the burden of proof at trial, yet on motion for summary judgment "it was plaintiff's obligation, not defendant's, to produce the necessary extraneous material to expose this defense as unmerited," and granting summary judgment where this obligation had not been met was reversible error, *Jacobson v. Maryland Casualty Co.,* 336 F.2d 72, 75 (CA 8th, 1964).

■ Therefore, this Court will not grant summary judgment "in default" of any response to the motion for summary judgment; but will proceed to consider the sufficiency of movant's own showing in support of its motion.

### Movant's Burden in Support of Motion

■ Any party seeking judgment, whether granted summarily or after trial,

**368**

must prove facts which establish the legal elements of his particular cause. Any such facts or elements, which are pleaded, and not denied by the opposing party, are deemed admitted; and are thereby established without need of further proof. But any such facts or elements, which are denied or met by counter-allegations by the opposing party, are set at issue. Such issues are to be resolved by trial, *Broderick Wood Products Co. v. United States*, 195 F.2d 433 (CA 10th, 1952).

■ A motion for summary judgment seeks to preclude a trial. The rationale of such motion is that trial is unnecessary, because under particular circumstances, which are to be demonstrated to the trial judge, the result of any trial is a foregone conclusion, 6 *Moore's Federal Practice*, supra, Par. 56.04(1). In a time of crowded court calendars and expensive lawsuits, such short cuts to judgment are much appreciated. But even though "an expeditious disposition of cases is a cardinal virtue of the administration of justice ... it is not more important than one's fundamental right to his full day in court." *Avrick v. Rockmont Envelope Co.*, 155 F.2d 568, 573 (CA 10th, 1946). Since summary judgment must not cut off a party's right to have issues decided at trial, summary judgment is properly granted only where there are no issues to be decided at trial. But if summary judgment is to be granted on the ground that there are no issues for trial, then an opponent's denials or counter-allegations raising such issues must somehow be disposed of.

■ Summary judgment procedure does not contemplate a trial upon affidavits in chambers as a substitute for trial upon testimony and exhibits in open court. In passing upon a motion for summary judgment, a trial judge will not resolve any factual issues or weigh any evidence, for such is properly done only by the trier of fact at trial. A judge may not grant summary judgment because he is persuaded that movant's showing would support a verdict for movant at trial. It may be noted that Rule 56 itself makes no distinctions between trials to the court and trials before juries.

■ It must be emphasized that a motion for summary judgment does not call for a trial in chambers. Any such motion, whose accompanying proof amounts merely to a preview of movant's case for trial, is inadequately supported and cannot be granted. This is because even a strong showing of movant's side of an issue misses the point of showing that there is no issue. Of course, where trial would be to a judge, evidentiary materials presented to the judge as arbiter of law on motion for summary judgment, will be much the same as will later be presented to the same judge as trier of fact at trial. But nothing in Rule 56 requires or permits a judge to jump to conclusions. A party, even if not entitled to a trial by jury, is no less entitled to a trial. Judgment without trial, i.e., summary judgment, is not properly granted upon a showing of the probable resolution of issues at trial, but only upon a showing that there are no issues for trial. If this seems duplicative of effort, it might be pointed out that the fault lies in a misdirected motion for summary judgment, not in an unnecessary trial.

■ Because summary judgment precludes trial, "any relief contemplated by Rule 56, F.R.C.P., is drastic and should be applied with caution," *Jones v. Nelson*, 484 F.2d 1165, 1168 (CA 10th, 1973). If trial courts are to err, they should err on the side of refusing summary judgment and insisting upon trial, 6 *Moore's Federal Practice*, supra, Par. 56.15(1.—2) at 435. Where movant's showing is not *clearly* sufficient, a judge has no discretion to *grant* the motion notwithstanding the borderline sufficiency but must deny the motion, 6 (Part 2) *Moore's Federal Practice*, supra, Par. 56.15(6). But even where movant's showing appears sufficient, a judge has some discretion to *deny* the motion notwithstanding the technically adequate showing in support thereof, *Id.*

*Factual Issues Before the Court*

Petitioners are three in number, and proceed under 11 U.S.C. § 303(b)(1). To qualify to *request* relief under this subsection, would-be petitioners must be holders of claims. The petition alleges that each petitioner is the holder of a claim against Curtis and alleges particulars of each such claim. Curtis' answer generally denies the allegations of the petition that these parties are holders of claims; Paragraphs II, III and IV of Curtis' answer deal more specifically with each petitioner's claim. These parts of Curtis' answer literally deny that petitioners are holders of claims. An issue is thus raised whether petitioners are holders of claims.

Movant asserts that Curtis "cannot dispute the fact that these ... petitioning creditors are holders of claims against him," and cites *In re Covey*, 650 F.2d 877, 880–882, for the rule that "a creditor is not disqualified merely because his claim is disputed," Brief, p. 4. Movant apparently proposes that the *existence* of a claim is self-evident from the creditor's assertion of it, and no more is needed to qualify as petitioning creditor under § 303(b)(1); the *validity* of the claim is of course subject to dispute, but such dispute is properly entertained *not* at trial on the petition, but only later, at trial on the claim itself, as an adversary proceeding after entry of the judgment of involuntary bankruptcy. This is tantamount to saying that, for purposes of § 303(b)(1), the existence of a claim is incapable of being disputed. If so, then a would-be petitioner could lift himself by his own bootstraps to the status of "holder of a claim" under § 303(b)(1). Even the most specious and groundless "claim", which must later prove to be entirely without basis, would suffice to qualify a party to set himself up as "creditor" of another.

In *In re Covey*, supra, three disputed claims were nonetheless recognized for purposes of qualifying their holders as petitioners under § 303(b). One claim was admitted but met by an affirmative defense; another was disputed only in amount. The court expressly observed that neither of these disputes went to the *existence* of the claims. The third claim was for rent, which was alleged by debtor to have been paid; but the dates involved indicated that some rent must still be due and unpaid. This dispute did go to the existence of the claim, but failed on its fact to completely dispose of the purported claim. None of this supports movant's notion that a would-be petitioner's so-called claim is completely exempt from challenge at trial on the petition, merely by virtue of its being put forward as a claim. The rule cited by movant appears in another part of the *Covey* opinion, and is applied by that court, *not* to the existence of claims as an element of petitioner's qualification under § 303(b), but only to the recognition of disputed claims as "debts" for the purpose of establishing whether debtor was generally not paying his debts as they became due, pursuant to § 303(h)(1). Even then, the court does not hold that claims are automatically self-validating, but instead sets out an elaborate, policy-oriented calculation for determining when disputed claims should be recognized, *supra* at 883–884. It should be mentioned the *Covey* decision was rendered after a hearing on the issues properly joined, not upon a motion for summary judgment.

The former Act's requirement that claims be "provable" has been stricken from the present Code, 2 *Collier on Bankruptcy*, supra, Par. 303.08 at 32. But this need not absolve petitioners from showing that they have claims. Indeed, if would-be petitioners are not required to make at least some minimal showing of evidentiary basis for their claims then the qualification requirement of § 303(b)(1) that they be "holders of claims" is merely formal or illusory; one might as well dispense with it altogether, along with the other requirements of § 303(b)(1), and allow any party to haul any other party before the bankruptcy court for a trial on whether involuntary bankruptcy should be ordered under § 303(h)(1) and (2). If this requirement is not merely illusory, it must require some proof; the requirement of proof entails the possibility of disproof; and such necessari-

ly contemplates an opportunity to dispute the allegations and insist upon proof.

This court need not decide exactly what showing will suffice to establish the existence of a claim and qualify a would-be petitioner as "holder of a claim" under § 303(b)(1). For purposes of ruling on this motion for summary judgment, it is enough to note that *some* degree of dispute over petitioners' status as "holders of claims" must be allowed; where debtor in his answer does dispute that petitioners are "holders of claims", the existence of such purported claims is put in issue and must be proved at trial on the petition (even though the proof required at trial be minimal); and therefore, to obtain summary judgment, petitioners must show *that there is no issue* that their claims exist and that they are in fact "holders of claims". This may be more difficult than the minimal showing that might suffice at trial on the petition. Bankruptcy law may favor creditors, but civil procedure remains impartial; 11 U.S.C. § 303(b) does not amend Rule 56, F.R.C.P., and it is the latter, unadulterated, which governs this motion for summary judgment; and for summary judgment purposes, there exists an issue of whether the petitioners are holders of claims.

The court desires to comment on the discretion given in ruling upon motions for summary judgments. A court may, in its discretion, deny such motion notwithstanding the adequacy of movant's showing, 6 (Part 2) *Moore's Federal Practice*, supra, Par. 56.15 at 601 n. 1 and cases cited thereunder; and even though the opponent of the motion has not availed himself of the provisions of Rule 56(f), F.R.C.P., supra at 605. A court may in its discretion refuse to grant summary judgment where, despite a technically adequate showing by movant, "the court is not reasonably certain that there is no triable issue of fact," 6 (Part 2) *Moore's Federal Practice*, supra, Par. 56.-15(8) at 643-644. This court is mindful that, if it is to err, it should err on the side of refusing summary judgment and insisting upon a trial. Even if it is assumed that (1) the deficiencies in movant's proof are not necessarily fatal to his motion, and (2) that any special circumstances in this case would not necessarily call for exercise of discretion to deny summary judgment, yet when these deficiencies and special circumstances are taken together, this court is not reasonably certain that there are no triable issues in this case. Having determined an issue exists as to whether the petitioners are holders of claims, the question of the amount of the unsecured indebtedness, the appointment of the state court receiver, and whether Curtis is generally not paying his debts as they become due, as well as the venue question presented by the pleadings herein, and the intervention of two other alleged creditors, need not be determined, for purposes of ruling on plaintiff's motion for summary judgment.

For the reasons aforementioned, the motion for summary judgment is denied.

AND IT IS SO ORDERED.