In re David Gerald BISHOP and Nancy Cecile Bishop, Debtors.

David Gerald BISHOP and Nancy Cecile Bishop, Plaintiffs,

v.

INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 93–00635–W.
Adv. No. 93–0189–W.

United States Bankruptcy Court, N.D. Oklahoma.

Jan. 7, 1994.

Carol Cowan, Broken Arrow, OK, for debtors/plaintiffs.

Carolyn D. Jones, Washington, DC, for defendant.

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

MICKEY DAN WILSON, Chief Judge.

· On June 22, 1993, plaintiffs David Gerald Bishop and Nancy Cecile Bishop ("Mr. Bishop;" "Mrs. Bishop;" "debtors") filed their complaint commencing this adversary proceeding against the United States of America ex rel. Internal Revenue Service ("USA"). The document was titled "Complaint to Determine Dischargeability of Federal Income Tax." The body of the complaint made no mention whatever of dischargeability or of any circumstances bearing thereon. The text alleges the filing of a tax lien; specifies that "this Adversary Proceeding is being brought pursuant to 11 U.S.C.A. Section 505(a)(1)," complaint p. 1 ¶ 2, a statute which deals with tax liability, and makes no mention of 11 U.S.C: § 523(a)(1), (7) the statute which deals with dischargeability; asserts that "the assessment of tax liability and filing of the tax lien by [USA] were erroneous," complaint unnumbered p. 2 ¶ 3, and that "the [debtors] are not indebted to [USA]," id. ¶ 4; and prays "for a determination that [debtors] are not indebted to [USA, and for] release of the tax lien ...," id.

On July 27, 1993, USA filed its "Answer," which among other things declares that USA "lacks information and knowledge as to the statute under which the [debtors] are proceeding," answer p. 2 ¶ 2, and points out that 11 U.S.C. § 505 has nothing to do with dischargeability.

On October 6, 1993, this Court issued its "Scheduling Order," which required amendments to pleadings and dispositive motions to be filed by December 17, 1993, and which set this matter for trial on January 10, 1994.

On December 16, 1993, debtors filed an amended complaint. This document is entitled "Amended Complaint to Determine Dischargeability of Federal Income Tax." It "reallege[s] and incorporate[s] by reference" all of the allegations and assertions of the original complaint, am. complaint p. 1 ¶ 1. To these it adds allegations that debtors bought a home in 1985 for $68,000 and sold it in 1987 for $80,000 less sale expenses of $400; that USA "erroneously imputed the sum of $80,513.00 as additional income to the [debtors] for the tax year 1987," unnumbered p. 2 ¶ 5, and that this "resulted in an erroneous tax deficiency assessment to the [debtors] for the tax year 1987," id. ¶ 6. The amended complaint prays "for a determination that

[debtors] are not indebted to the [USA, and for] release of the tax lien ...," *id.*

Next day, on December 17, 1993, USA filed its "... Motion for Summary Judgment" and a "Memorandum in Support ..." thereof. It is apparent from the text of these documents that they were drawn and filed in ignorance of debtors' "Amended Complaint ..." In a footnote to the "Memorandum in Support ...," USA states that "there are no outstanding assessed 1987 tax liabilities for [Mrs.] Bishop," and that "the motion for summary judgment relates only to [Mr.] Bishop," and accordingly USA "ask[s] that [Mrs.] Bishop be dismissed from this adversary proceeding," memo p. 1 n. 2. As to Mr. Bishop, USA states that "answers to [USA's] Interrogatories stated that [debtors] seek a determination as to the dischargeability of their 1987 federal income tax liability as well as a determination as to the amount of the federal income taxes due for 1987," memo p. 2. No such interrogatories or answers thereto have been filed with the Court, nor are any copies thereof appended to any filed documents.

According to USA, Mr. Bishop did not file a tax return for 1987, so that, pursuant to 26 U.S.C. § 6020(b), USA filed one for him. USA does not say that these assertions are undisputed facts. USA does offer as a "fact ... not in dispute" its own "Form 4340, Certificate of Assessments and Payments" which notes "Return Filed By Service" and estimates Mr. Bishop's tax liability at $50,188.53, memo p. 2 and see memo Exhibit A. USA seeks summary judgment that this tax debt is not dischargeable, on the ground that "[t]he failure of [Mr.] Bishop to file a tax return renders the 1987 federal income taxes nondischargeable, even though a tax return was filed on his behalf ...," memo p. 3. USA seeks summary judgment that the tax debt owing and excepted from discharge amounts to $50,188.53 "plus accrued but unassessed interest and penalties," memo p. 4, on the ground that

> The Certificate of Assessments and Payments is prima facie evidence of the tax liability ... Once the Certificate of Assessments and Payments is introduced, the taxpayer bears the burden to establish

that the information contained in the certificate is incorrect ... [Mr. Bishop has] failed to file a federal income tax return for 1987 and ha[s] not produced any records or offered any other evidence as to what [his] 1987 tax liability should be ..., *id.*

On January 3, 1994, debtors filed their "... Brief in Response to [USA's] Motion for Summary Judgment." Therein debtors assert that

> [they] seek a determination as to the amount, if any, of their federal income taxes due for 1987. Further, [they] seek to have the 1987 Federal income tax liability discharged should it be determined that they owed taxes for the year 1987,

response p. 1. They further assert that they filed their amended complaint "to clarify the relief sought," response unnumbered p. 2 ¶ 2. They allege that "[w]hile [they] have not been able to locate a copy of their timely filed 1987 federal tax return, said tax return was filed," *id.* ¶ 3; and they offer Mr. Bishop's affidavit to that effect, see response Exhibit A. They also "controvert the balance due as shown on [USA's] Certificate of Assessments and Payments," *id.* ¶ 4; and they offer their own "newly signed 1987 federal income tax return," *id.,* and see response Exhibit B. According to debtors, they owe USA only $866 in taxes for 1987, and have already "been credited [by USA with] the sum of $1,497.24, resulting in an overpayment by [debtors] in the sum of $631.24," response unnumbered p. 3. Debtors ask the Court to find that USA owes them $631.24. They conclude their response by stating that "[USA] is not entitled to Summary Judgment since the existence of the 1987 tax liability of the [debtors] is controverted," *id.*

On January 4, 1994, USA answered debtors' amended complaint. On January 5, 1994, this Court, on request of both parties, continued the trial to February 28, 1994.

The first issue herein is what the issue is herein. Debtors' amended complaint is supposed to "clarify" their request for determinations of both liability and dischargeability. In fact, both the original and amended complaints ask for one thing only, and that is a

determination of tax *liability*. Even debtors' response to USA's motion for summary judgment addresses primarily, and in conclusion refers exclusively, to "existence of the 1987 tax liability." Since both parties elsewhere claim that they are arguing over dischargeability too, the Court somewhat reluctantly considers the pleadings to be amended by the documents regarding summary judgment, and takes up the issue of dischargeability as well as the issue of liability.

■ USA moves for summary judgment as to dischargeability solely because it alleges that debtors filed no 1987 tax return. USA does not say this allegation is an undisputed fact. Debtors themselves say they dispute it. At trial, debtors' testimony may or may not be believed; but evidence is not to be weighed on summary judgment, *In re Curtis*, 38 B.R. 364, 367–368 (B.C., N.D.Okl. 1983). Accordingly, USA is not entitled to summary judgment on the issue of (non)dischargeability.

■ USA moves for summary judgment as to liability because it asserts that its Certificate "is prima facie evidence of the tax liability" and that debtors "failed to file a federal income tax return for 1987 and have not produced any records or offered any other evidence as to what their 1987 tax liability should be." It is not yet a "fact" that debtors failed to timely file a 1987 tax return; and debtors do now offer some evidence of what their 1987 tax liability should be. At trial, debtors' evidence may or may not be believed; but credibility is not to be determined on summary judgment, *In re Curtis,* supra. Accordingly, USA is not entitled to summary judgment on the issue of liability.

In footnote 2 to its "Memorandum in Support ...," USA appears to admit that judgment should be granted *against* it as to Mrs. Bishop. USA's acknowledgment is noted and appreciated. But a footnote is not a motion, pleading, or other request for relief; and debtors have filed no motion for summary judgment of their own.

Accordingly, USA's "... Motion for Summary Judgment" must be, and is hereby,

denied. The matter will proceed to trial as scheduled.

AND IT IS SO ORDERED.