David DEUTSCH, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 804, Docket 79–4004.

United States Court of Appeals, Second Circuit.

Argued April 9, 1979.

Decided May 30, 1979.

Martin S. Echter, Washington, D. C. (Ira M. Lowe, Washington, D. C., of counsel), for petitioner-appellant.

Mary L. Jennings, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Daniel F. Ross, Attys., Tax Div., Dept. of Justice, Washington, D. C., of counsel), for respondent-appellee.

Before OAKES and GURFEIN, Circuit Judges, and PIERCE, District Judge.*

PIERCE, District Judge:

This is an appeal from the dismissal of a petition to the United States Tax Court on the ground that the petition was untimely filed.

On June 29, 1977, the Internal Revenue Service issued a notice of deficiency to the taxpayer David Deutsch for a total of $27,006.68. On October 12, 1977, 105 days after issuance of the notice, the Tax Court

* Honorable Lawrence W. Pierce, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

received and filed as a petition a copy of a letter dated August 4, 1977 and postmarked "Oct. [illigible] 1977." This letter was signed by the taxpayer's accountant,[1] and although addressed to the Internal Revenue Service office in Los Angeles, the letter stated that a copy was being sent to the United States Tax Court. For reasons which do not appear on the record, the copy allegedly addressed to the Tax Court was never found or presented. The Commissioner moved to dismiss the petition for lack of jurisdiction. In response, the taxpayer offered the affidavit of his accountant who claimed he had mailed the copy of the letter to the Tax Court on August 4, 1977, within the ninety day period prescribed.[2]

A Special Trial Judge of the Tax Court Fred S. Gilbert held a hearing on April 26, 1978 at which the accountant testified regarding the issue of the mailing. On July 6, 1978, Chief Judge C. Moxley Featherston dismissed the petition on the ground that it was not timely filed and thus the Tax Court lacked jurisdiction.

Taxpayer appeals the Tax Court dismissal, contending that his petition was timely filed since his accountant testified that it was timely mailed.

■ It is not disputed that the Tax Court cannot assert jurisdiction unless a petition is filed within ninety days after a deficiency notice has been mailed by the Commissioner. *Vibro Manufacturing Co. v. Commissioner,* 312 F.2d 253 (2d Cir. 1963) (per curiam). Section 7502[3] of the Internal

---

1. In his motion to dismiss, the Commissioner also alleged that the petition was not filed by the taxpayer personally or by counsel admitted to practice before the Tax Court, as required by Rule 200, United States Tax Court Rules of Practice & Procedure (Jan. 1, 1974), and that the petition did not conform to the pleading requirements of Rules 33 and 34(b) of those Rules. Taxpayer contends that the accountant was an authorized agent for the taxpayer. The Tax Court did not address these allegations in its order dismissing the petition and they are accordingly not before the Court now.

2. Section 6213 of the Internal Revenue Code provides in pertinent part:

"Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. . . ." I.R.C. § 6213(a).

3. Section 7502 of the Internal Revenue Code provides in pertinent part:

"(a) General Rule.—

(1) Date of delivery.—If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.

(2) Mailing requirements.—This subsection shall apply only if—

(A) the postmark date falls within the prescribed period or on or before the prescribed date—

(i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or (ii) for making the payment (including any extension granted for making such payment), and

(B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made.

. . . . .

(c)(1) Registered mail.—For purposes of this section, if any such return, claim, statement, or other document, or payment, is sent by United States registered mail—

(A) such registration shall be prima facie evidence that the return, claim, statement, or other document was delivered to the agency, officer, or office to which addressed, and

(B) the date of registration shall be deemed the postmark date.

(2) Certified mail.—The Secretary or his delegate is authorized to provide by regulations the extent to which the provisions of paragraph (1) of this subsection with respect to prima facie evidence of delivery and the postmark date shall apply to certified mail."

Revenue Code provides guidance for determining filing when a petition is mailed. In certain cases, the date of the postmark or the date of registration will be deemed the date of delivery to the Tax Court. However, in the present case, there is no postmark or registration receipt that indicates timely mailing. Further, the legislative history indicates that section 7502 is only applicable if the petition is actually delivered. See H.Rep.No.1337, 83d Cong., 2d Sess. 434–35, as reprinted in 3 U.S.Code Cong. & Admin.News pp. 4017, 4583 (1954); S.Rep., as reprinted in 3 U.S.Code Cong. & Admin. News, pp. 4621, 5266 (1954). Delivery for these purposes is synonymous with receipt of the item. See 26 C.F.C. § 301.7502–1(d) (1978).

 Taxpayer argues that Section 7502 creates a presumption in favor of the taxpayer and that, if such section does not apply, the taxpayer can prove delivery and timeliness by other evidence without benefit of the presumption. We disagree. The exception embodied in section 7502 and the cases construing it demonstrate a penchant for an easily applied, objective standard. See *Fishman v. Commissioner,* 420 F.2d 491 (2d Cir. 1970). Where, as here, the exception of section 7502 is not literally applicable, courts have consistently rejected testimony or other evidence as proof of the actual date of mailing. See, e. g., *Shipley v. Commissioner,* 572 F.2d 212, 214 (9th Cir. 1977); *Drake v. Commissioner,* 554 F.2d 736, 738–39 (5th Cir. 1977); *Boccuto v. Commissioner,* 277 F.2d 549, 553 (2d Cir. 1960).

Taxpayer further argues that it is a denial of due process to bar him from proving that he mailed his petition in any way other than provided by section 7502. We are not persuaded of any unconstitutionality in Congress' intent, manifested in section 7502, to limit proof of mailing to some type of objective evidence. Both administrative convenience and the likelihood that a petition never received was never sent support the rationale of the section.

Further, we note that the taxpayer is not without redress. After paying the deficiency he may file a claim for refund and, if that claim is denied, he may commence an action in the district court to recover the tax paid. See 28 U.S.C. § 1346(a)(1) (1976). The constitutionality of such a result has been upheld. See *Phillips v. Commissioner,* 283 U.S. 589, 595–97, 51 S.Ct. 608, 75 L.Ed. 1289 (1931).

The order of the Tax Court is therefore affirmed.