In re **METAL PRODUCTS OF PALM BEACH, INC.**, Debtor.

Bankruptcy No. 87–00461–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

Aug. 19, 1987.

Gary I. Zwickel, Ackerman, Bakst, Lauer, Gundlach & Zwickel, P.A., West Palm Beach, Fla., Harold D. Moorefield, Jr., Mershon, Sawyer, Johnston, Dunwody & Cole, Theresa Mitchell, IRS Dist. Counsel, U.S. Attys. Office Civ. Div., Miami, Fla., Dept. of Justice, Tax Div., Washington, D.C., Helen Ray, IRS, Ft. Lauderdale, Fla., for debtor.

## ORDER DETERMINING TAX LIABILITY

THOMAS C. BRITTON, Chief Judge.

The IRS has filed a claim for $65,499 as penalties for the late filing of Form 941, the Employer's Quarterly Federal Tax Return, for the last three quarters in 1985 and the first quarter in 1986. The debtor,

under 11 U.S.C. § 505(a), has objected to the claim contending that the four returns were filed on time. (C.P. No. 39(a)). The amount of the penalty, if due, is not questioned.

The matter was heard August 11. I conclude that the penalty was properly assessed and overrule the objection. The parties agree that the debtor is entitled to a credit of $12,900 which may be set off against this claim.

The Government has produced returns filed by the debtor for the four quarters in question. These returns were received through the mail on June 16, 1986 in an envelope postmarked June 11. The deadlines for the four returns fell between July 31, 1985 and April 30, 1986.

The debtor verifies that it mailed these returns after they were due, but contends that it received a request for the returns from the IRS in June 1986 and the returns produced by the IRS are *copies* of the timely mailed originals. Each of the four returns is undated and labeled "Duplicate Copy".

The only evidence in support of this contention is the testimony of a bookkeeper who states she was notified by her employer of the IRS request for the returns and that she copied, labeled and mailed the returns produced by the government, after they were signed by a company officer. She also states that she timely prepared and filed all returns required "during tax year 1985", but does not remember which returns prepared by her were mailed by her and which were entrusted by her to another employee for mailing.

The bookkeeper's testimony (Joint Ex. 5) falls short of supporting the debtor's contention that the IRS requested the June submission, that the 1984 returns were prepared and filed on time, and that the 1985 return was in fact mailed. It does not, therefore, create a presumption of timely delivery for any of the four returns.

But even if the evidence before me were sufficient to create a presumption of timely filing of these returns, that evidence must be rejected under 26 U.S.C. § 7502. As explained in *Miller v. United States*, 784

F.2d 728, 731 (6th Cir.1986), filing is not complete until the document is delivered and received. Since the 1954 enactment of this statute:

> "the only exceptions to the physical delivery rule available to taxpayers are the two set out in section 7502."

Those two exceptions are (1) the "mailbox rule", that tax filings are deemed filed when mailed, if subsequently received, and (2) the registration of mail is prima facie evidence of delivery on the date it was postmarked.

As stated in *Deutsch v. Commissioner*, 599 F.2d 44, 46 (2nd Cir.1979):

> "Where, as here, the exception of section 7502 is not literally applicable, courts have consistently rejected testimony or other evidence as proof of the actual date of mailing. See, e.g., *Shipley v. Commissioner*, 572 F.2d 212, 214 (9th Cir. 1977); *Drake v. Commissioner*, 554 F.2d 736, 738–39 (5th Cir.1977); *Boccuto v. Commissioner*, 277 F.2d 549, 553 (2nd Cir.1960)."

*Jones v. United States*, 226 F.2d 24 (9th Cir.1955), relied upon by the debtor was decided before § 7502 became applicable.

The debtor has also argued that § 7502 is not applicable where (as here) the taxpayer claims the filed documents are duplicate copies of earlier documents presumably misplaced by the government. The rationale and statements of the Sixth Circuit in *Miller* are inconsistent with debtor's understanding of § 7502 and I shall follow the Circuit.