In re Edward L. BROOKMAN and Mary J. Brookman, Debtors.

Edward L. BROOKMAN and Mary J. Brookman, Plaintiffs,

v.

UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 89–1652–BKC–3P7.

Adv. No. 89–233.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

May 14, 1990.

Anne T. Payne, Jacksonville, Fla., for plaintiffs.

Clinton W. Marrs, Washington, D.C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon the complaint of Edward L. and Mary J. Brookman, seeking to determine the dischargeability of their unpaid 1984 income tax liability pursuant to 11 U.S.C. § 523(a)(1).

Trial was held on February 12, 1990, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

The plaintiffs seek discharge of their debt for unpaid federal income taxes, statutory penalties and interest. The plaintiffs claim they timely and properly mailed their 1984 Form 1040 to the Internal Revenue Service. The defendant replies that its records do not show the receipt of a Form 1040 from the plaintiffs for 1984. The defendant also argues that the plaintiffs' 1984 taxes are not covered by the discharge by virtue of 11 U.S.C. §§ 523(a)(1)(B)(i), 523(a)(1)(A) and 507(a)(7)(A)(iii).

As they had done in past years, the plaintiffs hired someone to prepare their 1984 Form 1040. The preparer completed the return Form on March 23, 1985, and delivered it to the Plaintiffs together with a preprinted envelope and instructions to sign and mail to the Internal Revenue Service.

Plaintiff Mary Brookman testified that she and Edward L. Brookman signed the original return and that she mailed it in the preprinted envelope, postage prepaid, by first-class mail, to the Internal Revenue

Service. However, the return was not sent by certified or registered mail.

The plaintiffs retained an unsigned copy of the return reporting a tax liability of $6,367.00. No payments were ever made on the tax liability. Mary Brookman testified that she and her husband never received any correspondence from the Internal Revenue Service regarding the liability or its nonpayment.

The records of the defendant do not show receipt of the return. A Certificate of Assessments and Payments was introduced into evidence reflecting the absence of an assessment and or payment by the plaintiffs for taxes for the year 1984.

## CONCLUSIONS OF LAW

The Internal Revenue Service objects to the admissibility of the testimony of plaintiff Mary Brookman to the extent it is offered to prove the timely and proper mailing of the plaintiffs' 1984 Form 1040.

It argues that 26 U.S.C. § 7502(c) prohibits Plaintiff Mary Brookman from testifying as to her mailing of the tax return. This section of the Tax Code provides in relevant part:

(c) *Registered or Certified Mailing.*—

(1) *Registered Mail.* For purposes of this section, if any such return ... is sent by United States registered mail—

(A) such registration shall be prima facie evidence that the return ... was delivered to the agency, officer, or office to which addressed, and

(B) the date of registration shall be deemed the postmark date.

The registered or certified mailing receipt requirement was specifically designed to avoid testimony of date of mailing in favor of tangible evidence in the form of an official government notation. *Shipley v. Commissioner,* 572 F.2d 212, 214 (9th Cir. 1977); *Redman v. Commissioner,* 820 F.2d 209, 212 (6th Cir.1987); *In re Metal Products of Palm Beach, Inc.,* 77 B.R. 967, 968 (Bankr.S.D.Fla.1987) (Citing and following *Shipley, supra.*).

The Court rules that the testimony of plaintiff Mary Brookman is inadmissible for the purpose of proving the mailing of the plaintiffs' 1984 Form 1040.

The Certificate of Assessments and Payments certifying that the Internal Revenue Service has no record of the plaintiffs' 1984 tax return having been filed is prima facie evidence that the return was not filed. *See, United States v. Dixon,* 672 F.Supp. 503, 506 (M.D.Ala.1987), aff'd, 849 F.2d 1478 (11th Cir.1988); *United States v. Pomponio,* 635 F.2d 293, 296 (4th Cir.1980).

The Court concludes that the plaintiffs did not rebut the defendant's prima facie showing that the 1984 Form 1040 was not filed.

11 U.S.C. § 523 provides in relevant part:

(a) A discharge ... does not discharge an individual debtor from any debt—

(1) for a tax or a custom duty—

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition....

Section 523(a)(1)(B) was meant to encourage honest and self-generated reporting by taxpayers, not immunize nonreporting debtors. *In re Pruitt,* 107 B.R. 764, 766 (Bankr.D.Wyo.1989). The plain language of the section, as well as the purpose behind its enactment, require that the debtors have filed the required return. *Id.*

Accordingly, the plaintiffs' 1984 income tax debts are excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(B).

A separate judgment shall be entered consistent with these Findings of Fact and Conclusions of Law.