**In re Robert W. O'NEILL, Debtor.**

**Bankruptcy No. 90–5496–BKC–3P3.**

United States Bankruptcy Court,
M.D.Florida,
Jacksonville Division.

Nov. 25, 1991.

Albert H. Mickler, Jacksonville, Fla., for debtor.

Hildy S. Stern, Washington, D.C., for U.S. Dept. of Justice.

Jerry A. Funk, Jacksonville, Fla., Chapter 13 Trustee.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon the debtor's objection to claim seven filed by the Internal Revenue Service ("IRS"). A hearing was held on August 20, 1991, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

Debtor filed a voluntary petition under chapter 13 on December 27, 1990.

On May 7, 1991, the Internal Revenue Service ("IRS") filed a proof of claim for $15,950.63. The IRS sought unsecured priority claims for past due income taxes in the following amounts:

| | |
|---|---|
| 1986 | $ 573.07 |
| 1987 | $1,166.38 |
| 1988 | $3,648.87 |
| 1989 | $3,901.21 |

The remaining portion of the claim was classified as unsecured general.

Debtor filed an objection to claim seven on June 7, 1991, contending that the amounts were incorrect. A hearing was held on August 20, 1991.

At the hearing the IRS conceded that pursuant to § 507(a)(7) the taxes due for 1986 were not entitled to priority treatment.

Debtor testified that he timely mailed his returns to the IRS and that the correct amounts owed are set forth in those returns:

| | |
|---|---|
| 1987 | $333.96 |
| 1988 | $682.98 |
| 1989 | $377.48 |
| 1990 | $000.00 |

No evidence other than debtor's testimony was presented to confirm that the returns were mailed to the IRS.

The IRS introduced Certificates of Assessments and Payments reflecting an absence of an assessment by the debtor for the years 1986, 1987, 1988, 1989, and 1990. In addition the government records do not indicate that debtor's returns for those years were ever received.

The sole issue before the court is whether the testimony of the debtor is sufficient to prove the mailing of his tax returns.

### Conclusions of Law

Generally, the filing of a return does not occur until the IRS receives actual delivery. *Phinney v. Bank of Southwest National Ass'n*, 335 F.2d 266, 268 (5th Cir.1964). The Supreme Court has recognized that

Filing, it must be observed, is not complete until the document is delivered and received. 'Shall file' means to deliver to the office, and not send through the United State mails.... A paper is filed when it is delivered to the proper official and by him received and filed.... Anything short of delivery would leave the filing a disputable fact, and that would not be consistent with the spirit of the act.

*United States v. Lombardo*, 241 U.S. 73, 76–77, 36 S.Ct. 508, 509, 60 L.Ed. 897, 898 (1916).

Congress has created a method by which timely mailing is to be treated as timely filing. Under 26 U.S.C. § 7502(a), documents mailed and received are deemed to have been delivered on the date stamped on

the postmark. However, this only applies to documents that are received. The only method for proving delivery of non-received documents is outlined in § 7502(c), which reads in relevant part:

(c) Registered or Certified Mailing—

(1) Registered Mail. For purposes of this section, if any such return ... is sent by United States registered mail—

(A) such registration shall be prima facie evidence that the return ... was delivered to the agency, officer, or office to which addressed, and

(B) the date of registration shall be deemed the postmark date.

(2) Certified Mail. The Secretary is authorized to provide by regulations the extent to which the provisions of paragraph (1) of this subsection with respect to prima facie evidence of delivery and the postmark date shall apply to certified mail.

This Court has ruled that the registered or certified mailing requirement was designed to ensure that only tangible evidence is presented as to the date of mailing, thus avoiding any need for testimony. *In re Brookman*, 114 B.R. 769, 770 (Bankr. M.D.Fla.1990).

■ Where the IRS did not receive a document and the taxpayers did not mail it by registered or certified mail, the courts have rejected testimony of mailing as a means to establish a presumption of delivery. *Surowka v. United States*, 909 F.2d 148 (6th Cir.1990); *Miller v. United States*, 784 F.2d 728 (6th Cir.1986); *Deutsch v. Commissioner*, 599 F.2d 44 (2d Cir.1979), *cert. denied*, 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1980); and *In re Metal Products of Palm Beach, Inc.*, 77 B.R. 967 (Bankr.S.D.Fla.1987).

In this case the only evidence that Debtor filed a tax return for the years at issue is his own testimony. Since the returns were not sent via registered or certified mail and the IRS has no record of receipt, under § 7502 the testimony is insufficient to overcome the presumption that the returns were not filed.

Accordingly, Debtor's objection to claim seven will be overruled, except as to the 1986 liability which the IRS concedes is only entitled to general unsecured status.

A separate order will be entered in accordance with these Findings of Fact and Conclusions of Law.