In the Matter of Quinton B. HARPER,
Carlette M. Harper, Debtors.

Quinton B. HARPER, Carlette
M. Harper, Plaintiffs,

v.

INTERNAL REVENUE SERVICE,
Defendant.

Bankruptcy No. A92–67697–ADK.
Adv. No. 92–6492.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 20, 1993.

Lawrence R. Landry, Decatur, GA, for plaintiffs.

Joe D. Whitley, U.S. Atty., Atlanta, GA, Jon D. Pifer, U.S. Dept. of Justice, Washington, DC, for defendant.

### ORDER

A. DAVID KAHN, Chief Judge.

Before the Court is Plaintiff–Debtors' Motion for Summary Judgment. The underlying adversary proceeding is to determine the dischargeability of certain debts for income taxes, penalties and interest and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The Court will deny Plaintiffs' Motion based upon the following findings and conclusions.

### FACTS

Plaintiffs filed their Complaint on May 13, 1992 seeking a determination that the following federal income tax liabilities are dischargeable: 1984 taxes of $14,904, 1985 taxes of $11,403, 1986 taxes of $7,158, 1987 taxes of $4,374 and all penalties and interest that have accrued on these amounts. Plaintiffs contend that these amounts do not fall within the exception to dischargeability of 11 U.S.C. § 523(a)(1).

The Internal Revenue Service ("I.R.S.") answered Plaintiffs' Complaint on June 23, 1992 admitting that Plaintiffs' income tax liabilities for the 1986 and 1987 tax years are dischargeable.[1] However, the I.R.S. denied that any of Plaintiffs' federal income tax liabilities for the 1984 and 1985 tax years are dischargeable because Plaintiffs failed to file a return for these years.

Plaintiffs filed their Motion for Summary Judgment asserting that they are entitled to judgment as a matter of law on all issues raised by their Complaint. Plaintiffs also filed a joint affidavit ("Joint Affidavit") with their Motion for Summary Judgment in which they testify that their federal income tax returns for the 1984 and

---

1. Consequently, the interest and penalties that have accrued as a result of these unpaid tax liabilities are also dischargeable. 11 U.S.C. § 523(a)(7).

1985 tax years were filed on December 22, 1987. Plaintiffs attached purported copies of these tax returns to their Joint Affidavit. The I.R.S. filed a brief in response to Plaintiffs' Motion alleging that the I.R.S. does not have any record of Plaintiffs' 1984 and 1985 tax returns and concluded that the returns were not filed. However, the I.R.S. has failed to produce any evidence supporting its allegation that Plaintiffs have not filed these returns.

## DISCUSSION

■ Federal Rule of Civil Procedure 56, made applicable herein pursuant to Bankruptcy Rule 7056, provides for the granting of summary judgment if "... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of establishing the right of summary judgment. *Clark v. Union Mut. Life Ins. Co.*, 692 F.2d 1370, 1372 (11th Cir.1982); *United States Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir.1975).

In determining whether there is a genuine issue of any material fact the court must view the evidence in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir.1985); *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir.1984). The moving party must identify those evidentiary materials listed in Federal Rule 56(c) that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *see also* Fed.R.Civ.P. 56(e).

"A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—(1) for a tax ...— (B) with respect to which a return, if required—(i) was not filed...." 11 U.S.C. § 523(a)(1). The I.R.S. asserts that Plaintiffs' income tax liabilities for 1984 and 1985 and all penalties and interest are non-

dischargeable because Plaintiffs failed to file a tax return for these years.

■ A tax return is considered filed when it is received by the I.R.S. *Miller v. United States*, 784 F.2d 728, 730 (6th Cir. 1986) (quoting *United States v. Lombardo*, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916)). However, for purposes of determining whether a return is timely, it is deemed filed on the date of the postmark. 26 U.S.C. § 7502(a)(1). If a return is sent by registered mail, the date of registration is deemed the date filed. 26 U.S.C. § 7502(c)(1).

■ Several circuit courts have considered the effect that § 7502 has on the method of proving that a return was actually mailed to the I.R.S. Under the judicially created mailbox rule, a letter that is properly addressed and placed in the mails raises a presumption that it was received by the addressee. *Legille v. Dann*, 544 F.2d 1, 5 (D.C.Cir.1976). However, most courts have concluded that § 7502 rendered the presumption of receipt raised by the mailbox rule inapplicable to tax returns. *Surowka v. United States*, 909 F.2d 148, 150–51 (6th Cir.1990); *Miller*, 784 F.2d at 731; *Deutsch v. C.I.R.*, 599 F.2d 44, 46 (2d Cir.1979), *cert. denied* 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1980). Other courts have allowed taxpayers to prove that they mailed a return by methods other than those explicitly set out in § 7502, but have required evidence with a very high probative value. *Estate of Wood v. C.I.R.*, 909 F.2d 1155, 1160 (8th Cir.1990) (affidavit of postal clerk who postmarked the return held to be direct evidence of postmark and therefore sufficient); *Curry v. C.I.R.*, 571 F.2d 1306, 1309–10 (4th Cir.1978) (letters from prison officials stating that taxpayer prisoner's timely mailed return was mistakenly withdrawn by a prison official from the mailbox held to be sufficient evidence of mailing). This Court has not located a case which recognized a presumption of receipt based solely upon the testimony of a taxpayer.

Plaintiffs state in their Joint Affidavit that their federal income tax returns for the 1984 and 1985 tax years were filed on

December 22, 1987. The Court finds that this testimony is insufficient to raise the presumption that these returns have been filed. Accordingly, Plaintiffs have failed to carry their burden of proving the absence of a dispute of material fact, and their Motion for Summary Judgment will be denied.

Accordingly, it is

**ORDERED** that Plaintiff–Debtors' Motion for Summary Judgment is **GRANTED** to the extent that Plaintiff–Debtors' federal income tax liabilities for the 1986 and 1987 tax years, including all interest and penalties, are **DISCHARGEABLE.** The remainder of Plaintiff–Debtors' Motion for Summary Judgment is **DENIED.**

The Clerk is hereby **directed** to serve a copy of this Order on the attorney for Plaintiff–Debtors and the attorney for Defendant.

**IT IS SO ORDERED.**

### *JUDGMENT*

The above-styled matter came before the Court on Plaintiff–Debtors' Motion for Summary Judgment. The issues have been considered and a decision has been rendered as evidenced by an Order of this Court dated January 20, 1993.

**IT IS ORDERED AND ADJUDGED:**

that the debts of $7,158.00 for 1986 taxes and $4,374.00 for 1987 taxes owed by Plaintiff–Debtors to Defendant and all penalties and interest that have accrued on these amounts are **DISCHARGEABLE** in bankruptcy.