**In re Gerald Edward BROWN, Sr., Debtor.**

**Gerald Edward BROWN, Sr., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Bankruptcy No. 93–11400.
Adv. No. 93–1354.

United States Bankruptcy Court,
S.D. Alabama.

Feb. 9, 1994.

**250**

John T. Kroutter, Mobile, AL, for debtor/plaintiff.

Carol Koehler Ide, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for U.S.

## ORDER

GORDON B. KAHN, Chief Judge:

This matter having come on for hearing upon plaintiff's complaint to determine dischargeability of debt versus the United States; due notice of said hearing having been given; the debtor having appeared with his attorney, John Kroutter, and Carol Koehler Ide having appeared for the United States; and testimony having been given and the matter having been taken under submission, the Court now finds, concludes, and orders as follows:

### FINDINGS OF FACT

1. The debtor filed his Chapter 7 petition under Title 11 of the United States Code on August 25, 1993 and relief was granted.

2. The debtor seeks to discharge his 1981 and 1984 income taxes. The United States agrees that the entire tax liability for 1984 is dischargeable and that the penalty portion of the 1981 liability is dischargeable. The United States disputes the dischargeability of the principal amount and interest of the 1981 tax liability based on non-filing of the 1981 tax return by the debtor.

3. The debtor testified that he filed his 1981 income tax return by regular mail, not registered or certified, and no return receipt requested. He does not have a copy of the 1981 return, nor does he have a cancelled check or a photocopy thereof showing payment. To support his position, the debtor offered three letters from the IRS to the debtor responding to his request for a copy of his 1981 return. All three letters, dated between March and August, 1986, indicated that a 1981 return could not be located.

4. In 1984, the United States prepared a substitute return for the debtor for the 1981 tax year. A deficiency notice was sent to the debtor on December 7, 1984 indicating a deficiency for the 1981 tax year in the amount of $7,067.00. The unpaid 1981 tax liability was assessed on April 22, 1985. After application of certain tax refund offsets, the amount still owing on the 1981 tax liability is $8,029.12.

### CONCLUSIONS OF LAW

█ The United States argues that the debtor failed to file a tax return for the 1981 tax year and therefore, the tax owing for that year is nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(i). That section provides that the debtor is not discharged from any debt for a tax with respect to which a return, if required, was not filed. Thus, an individual's tax debt is nondischargeable if he has failed to file a return, even if the IRS filed a substitute return. *See, In re Gushue,* 126 B.R. 202, 204 (Bankr.E.D.Pa.1991); *In re Hofmann,* 76 B.R. 853, 854 (Bankr.S.D.Fla. 1987).

█ The debtor, however, alleges that he filed an original tax return for the 1981 tax year. The United States claims that it has no record of one ever having been received. "Generally, the filing of a return does not occur until the IRS receives actual delivery." *In re O'Neill,* 134 B.R. 48, 49 (Bankr. M.D.Fla.1991) *(citing, Phinney v. Bank of Southwest National Ass'n,* 335 F.2d 266, 268 (5th Cir.1964)). Under 26 U.S.C. § 7502(c), the only method for proving delivery of non-received documents is through the use of registered or certified mail, which the debtor did not do in the instant case. The Eleventh

Circuit has stated that "[t]he language of section 7502 is 'clear, explicit, and strictly limited.'" *Pugsley v. C.I.R.*, 749 F.2d 691, 693 (11th Cir.1985) (citation omitted). This method of proof is meant to "ensure that only tangible evidence is presented as to the date of mailing, thus avoiding any need for testimony." *O'Neill,* 134 B.R., at 50. Based on the foregoing, the debtor's complaint must be denied and his 1981 tax liability declared nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(i). *See also, Matter of Harper,* 153 B.R. 84 (Bankr.N.D.Ga.1993); *In re Webber,* 72 A.F.T.R.2d (P–H) 93–6612, 1992 WL 603553 (Bankr.W.D.Wash.1993); *In re D'Avanza,* 1992 WL 40692, 1992 Bankr. LEXIS 336 (Bankr.M.D.Fla.1992); *In re Frandsen,* 1991 Bankr. LEXIS 1322 (Bankr. N.D.Ill.1991); *In re Brookman,* 114 B.R. 769 (Bankr.M.D.Fla.1990). Now, therefore, it is

### ORDER

ORDERED, that the debtor's complaint to determine dischargeability of certain amounts owing on his 1981 federal income tax due the United States be, and it hereby is, DENIED and the said debt owed to the United States be, and it hereby is, NONDISCHARGEABLE in the debtor's bankruptcy case in the amount of $8,029.12.; and it is further

ORDERED, that the debtor's complaint to determine dischargeability of certain amounts owing on his 1984 federal income tax due the United States be, and it hereby is, GRANTED BY CONSENT.