In re Clay Carl CAMPBELL, Debtor.

Clay Carl CAMPBELL, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 93–04501–MAM–7.
Adv. No. 94–80037.

United States Bankruptcy Court,
N.D. Florida.

April 18, 1995.

James L. Chase, Pensacola, FL, for Debtor/Plaintiff.

Carol Koehler Ide, Washington, DC, for Defendant.

### ORDER

MARGARET A. MAHONEY, Bankruptcy Judge.

This matter is before the Court on the complaint of Clay Carl Campbell ("Campbell" or "Debtor") for a determination of the dis-

chargeability of his 1982 federal income tax debt in his Chapter 7 bankruptcy case pursuant to 11 U.S.C. § 523(a)(1)(B). The United States of America ("IRS" or "United States" or "Defendant")[1] has consented to a judgment discharging the Debtor's federal income tax liabilities for 1980, 1981, and 1983 through 1987. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and therefore the Court will enter a final judgment in this matter. For the reasons stated below, the Court declares the 1982 federal tax debt of Clay Campbell not to be dischargeable in his Chapter 7 bankruptcy case.

### FACTS

Clay Campbell did not file his 1981–85 federal income tax returns on a timely basis.[2] In June 1987, he sought tax advice from attorney James Chase. Chase counseled him to have his returns professionally prepared for filing. Debtor went to H & R Block and had the returns completed on February 10, 1988. Campbell then brought the 1981–85 returns to Mr. Chase. Chase reviewed the returns and testified he mailed all of them to the IRS. The IRS records show that they received the 1981, 1983, 1984 and 1985 returns, but not all at once. The IRS has records for the 1981, 1984 and 1985 returns which show filing or activity which might reflect a filing in mid–1988. The 1981 return record shows "Additional Tax Assessed" on June 20, 1988. The 1984 return record states "Return Filed" on July 18, 1988. The 1985 return record states "Return Filed" on June 20, 1988. A 1983 return appears to have been filed in 1985. The only 1988 record entry shows receipt of a power of attorney form on September 3, 1988. IRS records, including a Certificate of Lack of Fil-

---

1. The United States of America is the proper party defendant in a suit brought against an agency of the government such as the Internal Revenue Service. *United States v. Seidle (In re F.C.M. Corp.,* 1987 U.S.Dist. LEXIS 15275; *Blackmar v. Guerre,* 342 U.S. 512, 514, 72 S.Ct. 410, 96 L.Ed. 534 (1952); *Scott v. Internal Revenue Service,* 622 F.Supp. 537 (E.D.Tenn.1985). However, since the IRS is the entity Mr. Camp-

bell dealt with in this case, the Court will speak of the defendant as the IRS.

2. Evidence was submitted as to other tax years as well. Since the tax years and returns for 1981–85 define the issues as to the 1982 return, this opinion discusses only those years.

ing, never reflect a delivery of a return for 1982 except as stated below.

In 1993, Campbell returned to Mr. Chase for further advice. After counseling Campbell about the option of filing bankruptcy to discharge his unpaid tax debts, the Debtor obtained an Individual Master File ("IMF") from the IRS which details a taxpayer's tax records. The IMF showed that the 1981, 1983, 1984 and 1985 returns had been filed, albeit late. The 1982 record showed "Return filed and tax assessed" as of February 6, 1984. The tax assessed was shown as "0.00." When returns were filed for 1981 and 1983–85 by Campbell, amounts due were reflected on the IMF. On April 29, 1991, the IMF shows "Additional Tax Assessed by Examination" of $11,192.00 for the 1982 return. This is the same amount as shown on the 1982 return allegedly filed in 1988 with the other returns.[3]

The IRS agent who testified stated that the entry "Return filed and tax assessed" was an entry reflecting a substitute for a return that the IRS files when no return from the taxpayer is timely received. This return reflects no taxes due. Taxes are assessed later when an agent audits the taxpayer file and determines a party's tax liability at the highest possible tax rate. The tax amount due matched the Debtor's 1982 liability because Campbell filed as "Married Filing Separately" which is the highest possible tax rate. The IRS used the Employer W–4 Form information to determine the Debtor's wages, which Campbell had also used.

**3.** A taxpayer who had an IMF which stated "Substitute for Return," testified for the Debtor. The IRS filed the substitute return when the taxpayer witness didn't file his return timely. Campbell alleged that this shows the IRS states "Substitute for Return" in IMFs when they are filed. Therefore, when Campbell's IMF stated "Return Filed," the IRS must have meant that the return itself was filed.

**4.** Although not alleged by Campbell, an individual's tax return is not filed if the IRS files a substitute return for the taxpayer either. *In re Gushue*, 126 B.R. 202 (Bankr.E.D.Pa.1991); *In re Hofmann*, 76 B.R. 853 (Bankr.S.D.Fla.1987).

**5.** 26 U.S.C. § 7502 in pertinent part states:
**Timely mailing treated as timely filing and paying**
(a) General rule—

**LAW**

**A.**

██ Under 11 U.S.C. § 523(a)(1)(B), a federal income tax liability is not dischargeable if a return "was not filed" for the year involved. The primary issue faced in this case is what proof Campbell must submit to show his 1982 federal income tax return was filed in 1988. The Debtor must prove filing of the return by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The case law is clear that filing means delivery.[4] The U.S. Supreme Court, in *United States v. Lombardo*, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916) stated:

> Filing, it must be observed, is not complete until the document is delivered and received. "Shall file" means to deliver to the office ... A paper is filed when it is delivered to the proper official and by him received and filed.

*U.S. v. Lombardo*, 241 U.S. 73, 76–77, 36 S.Ct. 508, 509, 60 L.Ed. 897, 898 (1916); *Heard v. CIR*, 269 F.2d 911 (3d Cir.1959); *Phinney v. Bank of Southwest Nat'l Ass'n*, 335 F.2d 266, 268 (5th Cir.1964); *U.S. v. Robinson*, 811 F.Supp. 1174 (S.D.Miss.1993).

Two exceptions to the actual delivery rule were created by Congress in 26 U.S.C. § 7502.[5]

██ The two exceptions are:
(1) If a tax return is postmarked with a date which would make the return timely

(1) Date of delivery—If any return ... required to be filed ... within a prescribed period or on or before a prescribed date ... is, after such ... date, delivered by United States mail to the agency, officer, or office with which such return ... is required to be filed ... the date of the United States postmark ... on the ... return ... shall be deemed the date of delivery.

.    .    .    .    .

(c) Registered and certified mailing—
(1) Registered mail—For purposes of this section, if any ... return ... is sent by United States registered [or certified] mail—
(A) such registration [or certification] shall be prima facie evidence that the return ... was delivered.

filed, the return will be deemed timely filed even though actually received by the IRS after the due date. 26 U.S.C. § 7502(a).

(b) If a return is not received by the IRS, a taxpayer may still claim timely receipt if the return was mailed timely by registered or certified mail and the taxpayer has proof. 26 U.S.C. § 7502(c).

These two exceptions do not apply to Mr. Campbell because he admits his returns were not mailed timely in the first place.

■■■■ Other bankruptcy courts, when faced with this issue in a dischargeability context have concluded that receipt of the return must be proven to establish that the return "was ... filed" as required by 11 U.S.C. § 523(a)(1)(B). *Brookman v. United States (In re Brookman)*, 114 B.R. 769 (Bankr.M.D.Fla.1990); *U.S. v. D'Avanza*, 132 B.R. 462 (S.D.Fla.1991); *In re Brown*, 167 B.R. 249 (Bankr.S.D.Ala.1994). The Certificate of Lack of Filing certifying that the IRS has no record of the filing is prima facie evidence that the return was not filed. *See, United States v. Dixon*, 672 F.Supp. 503, 506 (M.D.Ala.1987), *aff'd*, 849 F.2d 1478 (11th Cir.1988); *United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir.1980). A debtor may offer evidence to rebut the IRS records and that rebutting evidence must be weighed. *Bishop v. IRS (In re Bishop)*, 166 B.R. 732 (Bankr.N.D.Okla.1994).

Debtor offered evidence in an attempt to rebut the certificate. He showed that a return was prepared; that he signed it; and that he delivered it to counsel. Counsel testified he put all the returns in the mail. The 1981, 1984 and 1985 returns all were received by the IRS. Counsel, after searching his files, testified that no original 1982 return remains in his files.

The prima facie nature of the certificate coupled with the need to prove his case by a preponderance of the evidence, puts a heavy burden on Campbell, which his evidence does not meet. Delivery or receipt is what Campbell must show—not just mailing. The fact that the other returns were received is some evidence of delivery. However, there is not clear proof that the 1981 and 1983–85 returns all were received by the IRS at one time.

The 1983 return showed a 1985 filing date, not consistent with the 1988 mailing. The 1984 return was "filed" in July 1988, one month after the 1981 and 1985 returns. Therefore, the evidence is not clear. The Court cannot find the evidence of delivery was preponderant enough to rebut the IRS' prima facie case. At best, the evidence is in equipoise.

**B.**

■■■ Campbell also asserts that the IRS should be equitably estopped from alleging nondelivery due to the records the IRS furnished to Campbell about his taxes. The Debtor contends that the IMF stated that the return was filed; he relied on the IMF to his detriment in the timing of his bankruptcy filing; and, therefore, the IRS should not be able to contradict its IMF in this action.

The United States Supreme Court addressed the issue of equitable estoppel in *Heckler v. Community Health Services of Crawford*, 467 U.S. 51, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984). It stated:

> Estoppel is an equitable doctrine invoked to avoid injustice in particular cases. While a hallmark of the doctrine is its flexible application ... the party claiming the estoppel must have relied on its adversary's conduct "in such a manner as to change his position for the worse" and that reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading.

*Id.* at 59 and 2223.

In this case, Campbell testified that he did file bankruptcy in reliance on the IMF. However, the Debtor cannot meet the other part of the basic equitable estoppel test which is reasonable reliance. Campbell says the IMF states he filed his 1982 return. However, Campbell cannot rely on the IMF which he alleges shows filing in 1984 and, at the same time, allege he didn't file his 1982 return until 1988. Knowing when he filed the return, it is not reasonable to rely on a record which allegedly shows filing in 1984.

This result is even more appropriate if the Court considers the more stringent require-

ments for assertion of estoppel against the government applied by many circuit courts. *United States v. Asmar,* 827 F.2d 907, n. 4 (3d Cir.1987) (equitable estoppel against government only when there is affirmative misconduct by government). The Eleventh Circuit has not decided whether affirmative misconduct is an element of assertion of equitable estoppel against the government, *see, Lyden v. Howerton,* 783 F.2d 1554 (11th Cir. 1986); however, the claim of Campbell fails even if the conduct of the IRS is held to a lesser standard.

Therefore, it is ORDERED and ADJUDGED that:

1. The complaint of Clay Carl Campbell for a declaration of the dischargeability of his 1982 federal income tax liability is denied and the debt is declared to be nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B).

2. The complaint of Clay Carl Campbell for a declaration of the dischargeability of his 1980, 1981, 1983, 1984, 1985, 1986 and 1987 federal income tax liabilities is sustained and the debts are declared discharged pursuant to 11 U.S.C. § 523(a)(1).