In re Charles M. **WOODWORTH**, Debtor.

Charles M. **WOODWORTH**, Plaintiff,

v.

**UNITED STATES of America**, Defendant.

Bankruptcy Nos. 95–23882–BKC–PGH, 96–0044–BKC–PGH–A.

United States Bankruptcy Court, S.D. Florida.

Nov. 7, 1996.

Edward Phillips, Coral Gables, FL, for debtor.

William A. Keefer, Miami, FL.

Mark Stier, Washington, DC.

Lucy C. DiBraccio, Trustee, Hollywood, FL.

### MEMORANDUM DECISION AND ORDER

PAUL HYMAN, Jr., Bankruptcy Judge.

THIS MATTER came before the Court for trial on August 5, 1996, upon the Debtor's Complaint to determine the dischargeability of income tax debts. The issue at trial was whether the Debtor filed federal income tax returns for the years 1984 and 1985, thereby entitling him to discharge those tax liabilities. The Court, having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, and considered the arguments of counsel, makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The Debtor/Plaintiff, Charles M. Woodworth, filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code on October 5, 1995. The Debtor was a resident of

Broward County, Florida for more than 180 days prior to the filing of his voluntary petition.

Plaintiff commenced this adversary proceeding to determine the dischargeability of his 1983, 1984, 1985, 1988, and 1989 income tax liabilities. Defendant, United States of America, admits that Debtor's 1983 and 1989 tax liabilities are dischargeable and that he owes no tax liability for the year 1988. However, the government asserts that the Debtor never filed tax returns for 1984 and 1985 and therefore the Debtor's tax liabilities are non-dischargeable pursuant to Section 523(a)(1)(B)(i) of the Bankruptcy Code.

The Debtor did not file his 1982–1985 tax returns. In 1989, he contacted an accountant to prepare his past due returns for the years 1982 through 1985. The accountant prepared the returns and delivered them, with copies, to the Debtor. The Debtor was to review, sign, and mail the returns.

The Debtor and his wife testified that one morning in October, 1989, they placed the four tax returns into two envelopes for mailing to the Internal Revenue Service ("IRS"). They further testified that the returns for the years 1982 and 1983 were "fat" and the returns for the years 1984 and 1985 were "skinny" so they placed one "fat" return and one "skinny" return into each envelope. The Debtor stated that he personally addressed each of these envelopes to the IRS in Ogden, Utah.

Approximately one week later, the Debtor's wife mailed two envelopes to the IRS at the United States Post Office located on University Drive in Pembroke Pines, Florida. The envelopes were postmarked October 24, 1989. The records of the IRS indicate that the Ogden Service Center received two envelopes containing 1982 and 1983 returns, but not returns for 1984 and 1985, on November 1, 1989. The IRS subsequently processed the Debtor's 1982 and 1983 federal income tax returns. Thereafter, the Debtor received several notices from the IRS indicating that it had not received his tax returns for 1984 and 1985. At trial the Debtor testified that he did not read the notices sent to him by the IRS.

Copies of the Debtor's 1982 and 1983 returns were introduced into evidence, along with copies of the two envelopes. The envelopes indicated that they were sent by first class mail, not by certified or registered mail. The Debtor asserts that the IRS received, and then lost, his 1984 and 1985 returns because they were included in the envelopes with his 1982 and 1983 returns. The IRS countered the Debtor's allegation by introducing statistical evidence to demonstrate the small probability that the Ogden Service Center would lose a taxpayer's return.

■ The Court finds that the statistical evidence presented by the IRS is not sufficiently reliable to be persuasive to the Court. The IRS claims that the Ogden Service Center loses only one out of every 20,000 returns that actually reach the Center. The IRS bases this claim upon statistical information which shows that only one out of every 20,000 people who are due a refund contact the IRS to ascertain "Where is my refund?". The government's basic premise is that every taxpayer who is entitled to a tax refund but does not receive a refund *always* contacts the IRS. This assumption ignores those taxpayers who are entitled to a refund but do not, for a variety of reasons, contact the IRS. Therefore, the suggestion by the IRS that the Ogden Service Center only loses one out of every 20,000 returns is flawed. The IRS also attempts to show that the likelihood of losing returns for two consecutive years is one in 400,000,000. The IRS ignores the fact that the Debtor is claiming that two returns were filed on the same day, in the same envelope. Accordingly, the Court finds that the statistical evidence presented by the IRS is unreliable.

### CONCLUSIONS OF LAW

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C §§ 157(b)(2)(I) & 1334. The issue before the Court is whether the Debtor's income tax liability is dischargeable for the years 1984 and 1985. Section 523(a)(1) of the Bankruptcy Code provides "A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—(1) for tax ...—(B) with respect to which a return, if

**644**

required—(i) was not filed." Accordingly, the Court must determine whether the Debtor has presented legally sufficient evidence to substantiate that he filed his 1984 and 1985 tax returns.

■ A tax return is filed when it is received by the IRS. *Miller v. United States,* 784 F.2d 728, 730 (6th Cir.1986) *citing United States v. Lombardo,* 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916); *Phinney v. Bank of Southwest Nat. Assn.,* 335 F.2d 266, 268 (5th Cir.1964). The Internal Revenue Code provides that a return is deemed timely filed on the date of the postmark of the envelope or the date a receipt is issued by the Post Office for either certified or registered mail. 26 U.S.C. § 7502(a) & (c). Several courts have considered whether § 7502 of the Internal Revenue is the only means available to a taxpayer to prove mailing of a tax document.

Two circuits have concluded that Section 7502 does not displace the common law mailbox rule and have allowed the taxpayer to prove mailing by extrinsic evidence. The Eighth Circuit in *Estate of Wood v. C.I.R.,* 909 F.2d 1155 (8th Cir.1990), found that the affidavit of the postal clerk who had postmarked the taxpayer's return was sufficient to establish that the taxpayer had filed the return. However, the court concluded its opinion by stating that "it will be a special case in which the taxpayer will be able to prove a postmark without either the document or a receipt." *Id.* at 1162. The Ninth Circuit has also found that the common law mailbox rule is applicable to tax returns and has allowed the admission of extrinsic evidence to prove mailing. *Anderson v. United States,* 966 F.2d 487 (9th Cir.1992). By contrast, other courts have concluded that § 7502 has displaced the common law mailbox rule. These courts have generally held that § 7502 provides the only means whereby a taxpayer can prove filing of tax returns. *Surowka v. United States,* 909 F.2d 148 (6th Cir.1990) (concluding taxpayers' failure to send return by registered mail precluded them from relying on circumstantial evidence); *Deutsch v. C.I.R.,* 599 F.2d 44 (2nd Cir.1979) (rejecting testimony or other evidence as proof of actual mailing because

section 7502 demonstrates a penchant for an easily applied objective standard).

■ The Eleventh Circuit has not considered the use of extrinsic evidence to prove filing. However, the Fifth Circuit, prior to the creation of the Eleventh Circuit, considered this exact issue and its opinion is binding on this Court. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209–10 (11th Cir.1981) (holding the newly formed Eleventh Circuit would adopt as precedent the decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to close of business on September 30, 1981). In *Drake v. Commissioner* the Fifth Circuit stated:

> Section 7502 was enacted in an attempt to alleviate inequities resulting from variations in postal performance. Congress was clearly attempting to establish an easily ascertainable point in time for conclusively determining the filing with the tax court. We are convinced that to create an exception where the undisputed facts clearly fall within the literal and unambiguous language of the statute would do violence to the statutory scheme and substantially undermine the purpose of the provision.

554 F.2d 736, 738 (5th Cir.1977). Many of the bankruptcy courts in the Eleventh Circuit have considered the interaction between the mailbox rule and § 7502. They have generally concluded that the only legally sufficient evidence establishing the filing date is either the postmark on an envelope or a registered or certified mail receipt. *See In re Beautiful Plants,* 1996 WL 211803 (Bankr. M.D.Fla.1996); *In re Brown,* 167 B.R. 249 (Bankr.S.D.Ala.1994); *In re O'Neill,* 134 B.R. 48 (Bankr.M.D.Fla.1991); *In re Brookman,* 114 B.R. 769 (Bankr.M.D.Fla.1990); *In re Metal Products of Palm Beach,* 77 B.R. 967 (Bankr.S.D.Fla.1987). When the courts have allowed testimony, the mere self-serving testimony of the debtor, without more, was found to be legally insufficient. *In re Brown; In re Harper,* 153 B.R. 84 (Bankr. N.D.Ga.1993); *In re O'Neill. See also Estate of Wood v. C.I.R.,* 909 F.2d 1155 (8th Cir.1990). This Court finds that this principle applies equally to the testimony of interested parties.

■ In the instant case, the Debtor has produced two envelopes with postmarks indicating that they were mailed, albeit late, to the IRS. The IRS acknowledges that it received the two envelopes but asserts they did not contain returns for 1984 and 1985. The law is clear that filing means actual delivery of the return to the IRS and that the burden rests with the debtor to· prove filing. Because the Debtor has produced two envelopes with postmarks, the issue before the Court is whether the Debtor has proved by a preponderance of the evidence that the envelopes contained his missing returns. *In re Campbell*, 186 B.R. 731, 734 (Bankr. N.D.Fla.1995); *In re Harper*, 153 B.R. at 86.

■ At trial, the only evidence presented as proof that the missing returns were mailed to the IRS was the testimony of both the Debtor and his wife. The Court does not find that the mere testimony of the Debtor or his wife, an interested party, is either persuasive or legally sufficient to prove the 1984 and 1985 returns were mailed. Moreover, the Debtor testified that after mailing his late tax returns he had received several notices from the IRS reflecting that it had no record of the Debtor's filing of his 1984 and 1985 returns. However, the Debtor did not read the notices.

The notices sent by the IRS would have alerted the Debtor to the IRS's claim that it had not received the returns. If the Debtor had acted responsibly, as he claimed he was trying to do by filing the late returns, he could easily have sent the IRS copies of the missing returns. It was clearly the Debtor's obligation to make certain that the IRS received his tax returns. The IRS notices are a safety net designed to alert the taxpayer to any problems and to prevent the very situation presented to the Court.

Accordingly, the Court finds that the testimony of the Debtor and his wife, without more, is insufficient to establish that the 1984 and 1985 returns were mailed to the IRS. Therefore, the Court finds that the IRS's receipt of the 1982 and 1983 returns is not sufficient to prove beyond a preponderance of the evidence that 1984 and 1985 returns were either mailed or received by the IRS. *See also In re Campbell*, 186 B.R. at 734.

### ORDER

In accordance with the foregoing it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's income tax liabilities for the years 1984 and 1985 are excepted from discharge pursuant to Section 523(a)(1)(B)(i) of the Bankruptcy Code due to the Debtor's failure to file income tax returns.

2. Plaintiff's income tax liabilities for the years 1983 and 1989 are discharged.

3. A separate Final Judgment will be entered in conformity with this decision and in accordance with Bankruptcy Rule 9021.

**DONE AND ORDERED.**