**In re Karl HUBER, Debtor.**

**Karl HUBER, Plaintiff,**

**v.**

**MASSACHUSETTS DEPARTMENT OF REVENUE, Defendant.**

**Bankruptcy No. 96–04253–6J7. Adversary No. 96–337.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

March 19, 1997.

Mark S. Peters, Cocoa, FL, for Plaintiff.

Jonathan D. Lee, Boston, MA, for Defendant.

George E. Mills, Jr., Orlando, FL, trustee.

*FINDINGS OF FACT AND CONCLU-SIONS OF LAW ON PLAINTIFF'S PETITION TO DETERMINE DIS-CHARGEABILITY OF DEBT*

KAREN S. JENNEMANN, Bankruptcy Judge.

This adversary proceeding came on for hearing on February 6, 1997, on the Petition

to Determine Dischargeability (the "Petition") filed by the debtor, Karl Huber (the "Plaintiff"). The Plaintiff claims that the taxes and penalties assessed against him by the Massachusetts Department of Revenue, Commonwealth of Massachusetts (the "Defendant") are dischargeable pursuant to Section 523(a)(1) of the Bankruptcy Code. After reviewing the pleadings and considering the arguments of the parties and the applicable law, a final judgment is entered in favor of the Defendant.

*Background.* The Plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 2, 1996. The Plaintiff received a general discharge on October 16, 1996 (Doc. No. 10). Prior to filing for bankruptcy, the Plaintiff was a general partner of Bodaka Associates ("Bodaka"), a real estate partnership located in Middleton, Massachusetts. Bodaka's principal business activity was the rental of real estate located in Massachusetts.

Under the partnership agreement, the Plaintiff was entitled to a 33.3 percent distributive share of the partnership's entire profits for 1991 (Plaintiff's Exhibit 1). According to the partnership's Massachusetts income tax return for 1991, the partnership realized $1,714,320 of income for the taxable year 1991. Each of the partnership's three general partners were to receive $541,435 as their distributive share for 1991 (Plaintiff's Exhibit 1). Massachusetts law required that each of the partners file a tax return with the Defendant to report this income.

The Plaintiff acknowledges that he was required to file a Massachusetts non-resident income tax return for the 1991 income tax year. Indeed, on June 17, 1992, the Plaintiff filed an Application for Automatic Extension of Time to File a Massachusetts Tax Return for the 1991 income tax year (Plaintiff's Exhibit 4). The Plaintiff's accountant, James J. Gildea, further prepared his individual tax return for 1991 (Plaintiff's Exhibit 5) which indicated the Plaintiff owed $40,939 to the Defendant. The Plaintiff testified that, when he received the prepared Massachusetts Non–Resident Tax Return for 1991 (the "1991 Return") from his accountant, he signed it, and his wife mailed the 1991 Return together with her personal tax return in the same envelope by first class mail to the Defendant. The Defendant has no record of receiving the 1991 Return.

The Defendant contends that the Plaintiff never filed his 1991 Return. The Defendant sent the Plaintiff at least two Notices of Failure to File Returns for 1991 on February 24, and March 28, 1994 (Plaintiff's Exhibits 8 and 9). The Plaintiff received each of these notices and referred them to his accountant, Mr. Gildea, to handle. Unfortunately, Mr. Gildea is now deceased and cannot explain his actions, but he did tell the Plaintiff that he would "take care" of the problem. The Plaintiff never independently contacted the Defendant or took any effort to confirm that Mr. Gildea had resolved the problem.

When the Defendant received no response from either the Plaintiff or his accountant to the Notices of Failure to File Tax Returns, Defendant mailed to the Plaintiff a Notice of Intent to Assess on July 4, 1994 (Plaintiff's Exhibit No. 6). Although the Plaintiff did not respond to the Notice of Intent to Assess, his accountant, Mr. Gildea, did respond (Plaintiff's Exhibit No. 11). In a letter dated July 13, 1994, Mr. Gildea informed the Defendant that the Plaintiff has no tax debt payable to the Defendant because "the taxpayers are residents of Florida and have been residents of Florida since at least 1991." Significantly, at no point did Mr. Gildea inform the Defendant that the 1991 Return was timely filed by the Plaintiff. The Plaintiff now seeks a determination that all monies owed to the Defendant for tax year 1991 are dischargeable pursuant to Section 523(a)(1) of the Bankruptcy Code.

■ *Section 523(a)(1) of the Bankruptcy Code.* Section 523(a)(1)(B)(i) excepts from discharge a tax debt when the debtor fails to file a necessary return. 4 Lawrence P. King, Collier on Bankruptcy § 523.07[3][a]. However, if the debtor can show that a tax return was filed which disclosed all of the debtor's income for that particular tax year, the tax is dischargeable, assuming all the other conditions of Section 523(a)(1) are met. *Id.* In this case, the primary issue is whether the Plaintiff did or did not file the 1991 Return.

When there is a dispute as to whether a return was filed, the burden of proof is on the debtor to prove filing of a return by a preponderance of the evidence. *Campbell v. United States (In re Campbell)*, 186 B.R. 731, 734 (Bankr.N.D.Fla.1995), *citing, Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). When faced with the need to prove a tax return was filed in a dischargeability context, bankruptcy courts in the Eleventh Circuit have concluded that the debtor must prove receipt of the return. *Campbell*, 186 B.R. at 734, citing, *Brookman v. United States (In re Brookman)*, 114 B.R. 769 (Bankr.M.D.Fla. 1990).

For the purposes of § 523(a)(1), a tax return is filed when it is received by the taxing authority. *Woodworth v. United States (In re Woodworth)*, 202 B.R. 641, 644 (Bankr.S.D.Fla.1996), *citing, Miller v. United States*, 784 F.2d 728, 730 (6th Cir.1986). A return is deemed timely filed on the date of the postmark or the date a receipt is issued by the post office for either certified or registered mail. *Woodworth*, 202 B.R. at 644, 26 U.S.C. § 7502(a) and (c). When such proof is not available to prove that a tax return was filed and mailed, two circuits have allowed the tax payer to introduce extrinsic evidence to prove mailing of the tax return. *Woodworth*, 202 B.R. at 644, 26 U.S.C. § 7502(a) and (c).

The Eleventh Circuit, however, has not endorsed the use of extrinsic evidence to prove filing. *Woodworth*, 202 B.R. at 644, 26 U.S.C. § 7502(a) and (c). In *Drake v. Commissioner*, a case from the old Fifth Circuit which is binding on this Court, the Fifth Circuit refused to create an exception that would allow extrinsic evidence to be introduced to prove the date that a tax return was filed. 554 F.2d 736 (5th Cir.1977). As such, the only legally sufficient evidence establishing the filing date is either the postmark on an envelope or registered or certified mail receipts. *Woodworth*, 202 B.R. at 644.

Evidence that a return was prepared, that it was signed, and that it was delivered to counsel is not enough to prove that a return was in fact filed. *Campbell,*

186 B.R. at 734. Likewise, it is not enough for a bookkeeper to testify that she timely prepared and filed all returns as required for a certain taxable year when she does not remember which returns were prepared by her were mailed and which were not. *In re Metal Products of Palm Beach*, 77 B.R. 967, 968 (Bankr.S.D.Fla.1987). Where the only evidence that a debtor filed a tax return for the years at issue is the debtor's own testimony, there is not sufficient proof that a tax return was in fact filed. *In re O'Neill*, 134 B.R. 48, 50 (Bankr.M.D.Fla.1991). Where the Internal Revenue Service did not receive a tax return and the taxpayer did not mail it by certified or registered mail, courts have rejected their testimony of mailing as a means to establish a presumption of delivery. *In re O'Neill*, 134 B.R. at 50; *Brown v. United States (In re Brown)*, 167 B.R. 249, 250 (Bankr.S.D.Ala.1994).

*Analysis.* In this case, Plaintiff claimed that his wife mailed his 1991 Return to the Defendant. The Plaintiff's wife testified that she did mail the tax return but not by registered or certified mail. The Defendant has no record of ever receiving the 1991 Return.

Although it is possible that the Defendant may have received and then lost the 1991 Return, the burden of proof is on the Plaintiff to show by a preponderance of the evidence that he filed his 1991 Return. The only proof that the Plaintiff has offered to show that this return was filed is his and his wife's testimony that his wife mailed it. The fact that Mr. Gildea prepared the return is irrelevant unless the Plaintiff can prove it was filed.

In this case, the Plaintiff does not have a stamped envelope with a postmark, a registered or certified mail receipt, or any extrinsic evidence to support his position. Indeed, Plaintiff can not even produce a signed copy of his 1991 Return. He only supplied his accountant's unsigned copy. This is merely evidence that the tax return was prepared, not evidence that it was filed.

Accordingly, the Plaintiff has failed to prove that the Plaintiff's tax debt attributable to his 1991 partnership income distribut-

ed by Bodaka Associates is dischargeable pursuant to Section 523(a)(1) of the Bankruptcy Code. A separate final judgment in favor of Defendant and consistent with this order shall be entered.