**In the Matter of Norman
J. YOUNG, Debtor.**

**Norman J. Young, Plaintiff,**

v.

**Internal Revenue Service and United
States of America, Defendants.**

**Bankruptcy No. 98–40106.
Adversary No. 98–4018.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

Feb. 8, 1999.

R. Wade Gastin, Savannah, GA, for Plaintiff.

Brian P. Kaufman, Washington, DC, for Defendant.

### MEMORANDUM AND ORDER

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

Before the Court is the complaint to determine the dischargeability of the tax claims of the Defendant, Internal Revenue Service ("IRS"). Plaintiff Norman Young filed this adversary proceeding on January 9, 1998, alleging that his debts to the IRS are dischargeable pursuant to 11 U.S.C. § 523(a). This Court has jurisdiction in this proceeding by virtue of 28 U.S.C. § 1334 and § 152(b)(2)(I). A hearing was held on October 28, 1998. After considering the evidence presented and the applicable authorities, I make the following Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### FINDINGS OF FACT

At issue are taxes owed to the United States of America for tax year 1985. Debtor married in March of 1984 and filed an individual return for that tax year. In 1985, however, Debtor filed a joint return. He testified that he has always filed timely tax returns, and that he sent them to the IRS by regular first-class mail.

In 1996, Debtor requested a tax transcript from the IRS (Ex. P-1) and learned of the claim of the IRS that he owed 1985 taxes. Debtor had been told that he was owed a refund for 1995, but that because of an outstanding 1985 tax liability he would not receive the money due. (Ex. P-2). He then received a notice from the IRS, demanding payment of an outstanding balance of $18,-652.71. Debtor then requested a copy of his 1985 W-2 form from the IRS. The IRS, in a written response dated March 21, 1997, advised Debtor that the records had been destroyed. (Ex. P-4).

As a general rule, Debtor kept copies of his tax returns for three years. He no longer has a copy of his 1985 return.

Edward Shellhammer, a revenue officer with the IRS, testified on behalf of the Service. Mr. Shellhammer is responsible for the collection of taxes and has access to income transcripts and records. Debtor's tax transcript for 1985, kept in the ordinary course of business as an official record, indicates that the Debtor's tax return was prepared under the substitute return program, in which the IRS prepares a substitute return when the taxpayer fails to do so. (Ex. D-1).

Despite Debtor's denial of receipt of any notices of a tax delinquency prior to 1995, IRS records reveal that delinquency notices were sent to Debtor on the following occasions: October 12, 1987; December 7, 1987; January 18, 1988; and February 29, 1991. (Ex. D-4). The notice dated May 16, 1991, recommends that a substitute return be prepared for Debtor. The assessment was then determined from the income reported by Debtor's employer. The IRS then sent a notice of deficiency on August 30, 1991, indicating the proposed assessment for tax year 1985. This notice was mailed to Debtor at his Chicago, Illinois address. (Ex. D-3). Debtor's tax liability was assessed on March 2, 1992. (Ex. D-4). However, Debtor moved several times over the years and it is not clear that notices were sent to the then current address of Debtor.

### CONCLUSIONS OF LAW

The Bankruptcy Code provides:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt

(1) for a tax or customs duty

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return. if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

11 U.S.C. § 523(a)(1). The crucial fact at issue in this case is whether the Debtor did or did not mail his 1985 tax return. This determination is complicated by the existence of two competing burdens of proof. On one hand, the taxpayer bears the burden of proof under the Internal Revenue Code. *See* 26 U.S.C. § 7502. On the other hand, a debtor in bankruptcy is entitled to a narrow construction of the exceptions to discharge, and a creditor bears the burden of proving the exception. *See Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

■ I find that with respect to Section 523(a)(1), the taxing authority bears the burden of proving by a preponderance of the evidence that the debtor did not file his tax returns.[1] My conclusion is supported by the Supreme Court's decision in *Grogan*, in which the Court noted that while the validity of the creditor's claim is determined by state law, the issue of whether a debt is discharged is a matter of federal law governed by the Bankruptcy Code. *Grogan*, 498 U.S. at 284, 111 S.Ct. 654. The Court specifically noted that it used the term *state law* "expansively herein to refer to all nonbankruptcy law that creates substantive claims. We thus mean to include in this term claims that have their source in substantive federal law." *Grogan*, 498 U.S. at 284, n. 9, 111 S.Ct. 654.

■ The IRS has satisfied its burden of proving that the Debtor's tax return for 1985

was not filed. A tax return is filed when it is delivered to and received by the IRS. *See In re Campbell*, 186 B.R. 731, 733 (Bankr. N.D.Fla.1995) (*citing U.S. v. Lombardo*, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916)). Two exceptions exist to this general rule, however. First, if the return is mailed prior to the due date but is received by the IRS after the date on which the return is due, the postmark shall be deemed to be the date of delivery. 26 U.S.C. § 7502(a). Second, if the return is sent by registered or certified mail, the receipt for the registration is *prima facie* evidence that the return was delivered to the IRS and is deemed to be the date of filing. 26 U.S.C. § 7502(c). These two exceptions are the only methods of proving that a return was filed with the IRS by mail. *See Drake v. Commissioner*, 554 F.2d 736, 738 (5th Cir.1977).[2]

The IRS met its burden by a preponderance of the evidence that a tax return was not filed for tax year 1985. Official records of the IRS indicate that as early as 1987, the IRS was attempting to collect taxes for 1985 from the Debtor and that no return was filed. Mr. Shellhammer testified that a substitute return was prepared for the Debtor by the IRS in 1992, after the IRS received no response from Debtor concerning his 1985 taxes. To overcome this evidence Debtor testified that he mailed a return for that tax year. He was unable to produce either a postmarked envelope or a receipt for registered mail as required by Section 7502. No matter how credible his testimony, this is insufficient as a matter of law[3] for me to find that he

---

1. I have ruled, in the context of objections to tax claims, that where the burden of proof falls on a debtor under the Internal Revenue Code but on the taxing authority under the Bankruptcy Code, that the ultimate burden remains with the IRS. *See In re Hammock*, Ch. 13 No. 96–41270 (Bankr.S.D.Ga. April 1997).

2. The Eleventh Circuit adopted as binding precedent all opinions of the former Fifth Circuit issued prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

3. The Court was little short of stunned to learn that, in essence, the only way for a taxpayer to prove that a tax return is timely filed is to do so by certified mail. This method is not generally communicated to taxpayers in instructions for

filing and doubtless is adhered to by a minuscule number of taxpayers. As a policy matter it is easy to conclude why Congress would impose strict limits on proof—to foreclose untruthful oral testimony from adversely affecting the Treasury. What is not at all clear is why the IRS does not in any meaningful way communicate this burden to its taxpayers. Perusal of the instructions for filing 1998 Federal Income Tax returns, of which I will take judicial notice, states in relevant part: "Where do you file? ... Mail your return to the Internal Revenue Service Center for the place where you live." In over 70 pages of instructions the IRS feels compelled to advise that envelopes with insufficient postage will be returned, but never to suggest that registered or certified mail *might, just might*, be a good idea.

did, in fact, file a 1985 tax refund. I find, therefore, that the IRS met its burden of proof and that the debt is excepted from discharge by 11 U.S.C. § 523(a)(1).

## ORDER

In consideration of the foregoing, IT IS THE ORDER OF THIS COURT that the debt of Norman Young to the United States and Internal Revenue Service is excepted from discharge.