In re Dale/Deborah CRUMP, Debtors.

Dale/Deborah Crump, Plaintiffs,

v.

U.S.A., et al., Defendants.

Nos. 01–3159, 01–31973.

United States Bankruptcy Court,
N.D. Ohio.

July 17, 2002.

James A. Harris, Marion, OH, for plaintiffs.

Lara E. Ewens, Washington, DC, Robert G. Young, Toledo, OH, for defendants.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Defendant's Motion for Summary Judgment, Memorandum in Support, and the Plaintiff/Debtors' Response thereto. The sole issue raised by these materials concerns whether the Plaintiff/Debtor's federal tax obligation for the year 1996 is dischargeable. As it pertains to this issue, the gravamen of the Parties' dispute centers around whether the Debtors actually filed their 1996 tax return. The following facts, which are not in dispute, are relevant to this issue:

The Debtors had taxable income for the 1996 tax year.

The IRS prepared, without any assistance, a Substitute for Return for the Debtors for the 1996 tax year.

The IRS sent notice to the Debtors that they had a tax deficiency of $17,234.00 for the 1996 tax year; at no time did the Debtors petition the United States Tax Court to challenge this deficiency.

On November 9, 1998, the Debtors were assessed for their 1996 tax year deficiency; included in this assessment were statutory penalties and interest.

On April 4, 2001, the Debtors filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. Thereafter, on August 13, 2001, the Debtors filed a Complaint to determine the dischargeability of their tax obligations for the years 1996 and 1997. After discussing the matter, the Parties agreed that the Debtors' tax liability for the year 1997 was nondischargeable as the due date of this tax return fell within the three-year provision contained in 11 U.S.C. § 507(a)(1)(A).

In support of its position that it never received a tax return from the Debtors for the 1996 tax year, the Defendant submitted an affidavit to the Court wherein it was stated that no record of any such tax return exists. In response, the Debtors, although ostensibly maintaining that they did file a federal tax return for 1996, acknowledged that they "cannot [actually] prove that they filed their 1996[tax] return." (Plaintiff's Response to Defen-

dant's Motion for Summary Judgment, at pg. 1).

## LEGAL DISCUSSION

Under 28 U.S.C. § 157(b)(2)(I), a determination as to the dischargeability of a particular debt is a core proceeding. Thus, this matter is a core proceeding.

This cause comes before the Court upon the Defendant's Motion for Summary Judgment. The standard for summary judgment is set forth in Fed.R.Civ.P. 56, which is made applicable to this proceeding by Bankruptcy Rule 7056, and provides for in pertinent part: A movant will prevail on a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In order to prevail, the movant must demonstrate all the elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). Thereafter, upon the movant meeting this burden, the opposing party may not merely rest upon their pleading, but must instead set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

There exists a general presumption that an honest debtor who seeks bankruptcy relief is entitled to receive a discharge of all his or her debts. *See, e.g., Farrington v. Lincoln (In re Farrington)*, 118 B.R. 871, 873–74 (Bankr.M.D.Fla. 1990); *Nelson v. Peters (In re Peters)*, 106 B.R. 1, 3 (Bankr.D.Mass.1989). Exceptions to this rule, however, exist for certain kinds of tax debts. Specifically, relevant to this case is § 523(a)(1)(B)(i), which provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (1) for a tax or a customs duty—
>
> (i) *was not filed[.]*

(emphasis added). The underlying purpose of this exception to discharge is self-evident: A taxing authority should not be precluded from recovering unpaid taxes by the convenient method of a debtor simply failing to file a return.

As it pertains to the applicability of § 523(a)(1)(B)(i), the Debtors rely upon the case of *Crawley v. United States (In re Crawley)*, 244 B.R. 121 (Bankr.N.D.Ill. 2000), which held that a tax return need not be filed prior to an assessment by the IRS in order to qualify as a return for purposes § 523(a)(1)(B)(i). In coming to this decision, the court in *In re Crawley* rejected the Sixth Circuit's approach, laid out in *United States v. Hindenlang (In re Hindenlang)*,[1] that after assessment the filing of a tax return can serve no tax purposes, and thus cannot qualify as the filing of a tax return within the meaning of the Bankruptcy Code. The difficulty, however, the Court has with the Debtor's position is that even if the facts of this case could be distinguished from the Sixth Cir-

---

1. 164 F.3d 1029, 1032–33 (6th Cir.1999), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 37 (1999)

cuit's decision in *In re Hindenlang*, the circumstances present in *In re Crawley* are clearly inapposite to the circumstances present in this case. In particular, in the instant case, unlike the situation in *In re Crawley*, there exists a clear dispute as to whether the Debtors even filed a tax return. Thus, resolution of the issue at hand necessarily requires the Court to determine whether there exists sufficient evidence, for purposes of § 523(a)(1)(B)(i), to find that the Debtors "filed" a tax return.

▮▮▮ The term "filed," as it is used in § 523(a)(1)(B)(i), is not defined in the Bankruptcy Code. In the absence of such a definition, the Sixth Circuit has held that it is appropriate to look to applicable tax law to determine the proper definition of such a word. *United States v. Hindenlang (In re Hindenlang)*, 164 F.3d 1029, 1032–33 (6th Cir.1999), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 37 (1999). As it applies to tax law, it has been held that, in line with the Supreme Court's decision in *United States v. Lombardo*,[2] a tax return will be deemed to be filed on the date the return is actually delivered to and received by the IRS. *Young v. Internal Revenue Service (In re Young)*, 230 B.R. 895, 897 (Bankr.S.D.Ga.1999); *Woodworth v. United States (In re Woodworth)*, 202 B.R. 641, 644 (Bankr.S.D.Fla.1996). This rule is known as the physical delivery rule.

▮▮▮ For purposes of documents sent to the IRS, however, two statutory exceptions exist to the physical delivery rule. These exceptions are codified in paragraphs (a)(1) and (c) of § 7502 of the Internal Revenue Code which provide, in relevant part, that:

(a) General rule.—

(1) If any ... document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by the United States mail to the agency, officer, or office with which such ... document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such ... document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.

(c) Registered and certified mailing; electronic filing.—

(1) Registered mail.—For purposes of this section, if any such return, claim, statement, or other document, or payment, is sent by United States registered mail—

(A) such registration shall be prima facie evidence that the return, claim, statement, or other document was delivered to the agency, officer, or office to which addressed, and

(B) the date of registration shall be deemed the postmark date.

Stated in simpler terms, under the first exception to the physical delivery rule set forth in paragraph (a)(1) of § 7502, when a document is received by the IRS after the filing deadline, the postmark stamped on the document is deemed to be the date of delivery. By comparison, under paragraph (c) of § 7502, a certified or registered mail receipt operates as prima facie evidence that a document mailed to the IRS was actually delivered, and the date of certification or registration is then deemed to be the postmark date.

▮▮▮ It is self-evident, however, that the above statutory exceptions to the phys-

---

**2.** 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916).

ical delivery rule only apply when there exists proof of a postmark; that is, when some proof of the actual mailing of the document to the IRS exists. On the other hand, in a situation such as this, where a taxpayer seeks to establish, in the absence of a postmark, that they actually mailed a tax document to the IRS, the protections of § 7502 are not applicable. *See Miller v. United States,* 784 F.2d 728, 730 (6th Cir. 1986) (§ 7502 does not apply when the IRS does not receive the document and the document is not sent by registered mail). To ameliorate the potential harshness which could arise if the exceptions to the physical delivery rule were entirely limited to those provisions contained in § 7502, some courts have held that § 7502 is merely a nonexclusive "safe harbor" provision, and therefore a taxpayer is permitted to present circumstantial proof of timely mailing, such as by affidavits or oral testimony.[3] In the context of documents mailed to the IRS, however, such an approach was squarely rejected by the Sixth Circuit Court of Appeals *in Miller v. United States,* wherein the Court stated that "the only exceptions to the physical delivery rule available to taxpayers are the two set out in section 7502." 784 F.2d 728, 730–31 (6th Cir.1986). As a result, in the Sixth Circuit, § 7502 provides the exclusive means by which a taxpayer may prove that a tax return is filed. *Id.* This rule, although it has been criticized on the grounds that it allows sloppiness by the IRS, has on several occasions been reiterated by the Sixth Circuit Court of Appeals. *Surowka v. United States,* 909 F.2d 148 (6th Cir.1990); *Carroll v. Commissioner of Internal Revenue,* 71 F.3d 1228 (6th Cir. 1995); *Thomas v. United States,* 166 F.3d 825, 831 fn. 9 (6th Cir.1999).

■ Therefore, in this case, since the Defendant has offered evidence that it did not receive the Debtors' 1996 tax return and the Debtors have not been able to produce a registered mail receipt to the contrary, the Court must find that, as a matter of law, the Debtors did not file their 1996 tax return. Accordingly, in accordance with § 523(a)(1)(B)(i), it is the holding of this Court that the Debtors are forbidden by law from receiving a discharge on any tax liability that was due for the 1996 tax year. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

***ORDERED*** that the 1996 federal tax obligation of the Debtors, Dale Crump and Deborah Crump, be, and is hereby, determined to be a NONDISCHARGEABLE DEBT.

---

**3.** *See, e.g., Estate of Wood v. Commissioner,* 909 F.2d 1155 (8th Cir.1990).